IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN ANTOINE, Inmate #N-40028, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-795-WDS |
| ) | |
| WEXFORD MEDICAL SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

In a separate order, the Court has granted Plaintiff's motion for leave to proceed *in forma pauperis*. Several other motions are now before the Court.

### APPOINTMENT OF COUNSEL (DOC. 3)

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### PRELIMINARY INJUNCTION (DOC. 4)

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no

adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a preliminary injunction should not issue at this time. Accordingly, the motion for preliminary injunction is **DENIED**.

### DISCOVERY MOTIONS (DOCS. 5, 6)

This action was just filed on October 16, 2006. The Court has yet to complete a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and no defendant has yet been served in this matter. Plaintiff's motion for production of documents and his request for admissions are therefore premature, and each of these motions is **DENIED** without prejudice. Once the Court has completed its review of the complaint, and after Defendants have been served, a scheduling order will be entered setting forth deadlines for discovery and other proceedings.

**IT IS SO ORDERED.**

**DATED: November 3, 2006.**

                                              **s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**