IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN ANTOINE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **06-795-WDS** |
| ) | |
| **WEXFORD MEDICAL SERVICES, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion for Order Compelling Disclosure and Discovery. **(Doc. 58)**. Defendants Hulick, Gladson, and Grubman filed a response at **Doc. 61.**

Plaintiff seeks an order compelling defendants to respond to his written discovery requests. He states that he received only "a partial discovery" from defendants. Plaintiff fails to mention that defendants objected to the discovery requests which they did not answer.

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs.

Defendants' objections are attached to their response. Defendants objected on the basis of relevance to requests to produce copies of various administrative and institutional directives. The objection is sustained. Violations of administrative policies or directives do not establish a constitutional violation. ***Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).** Defendants also objected on the basis of relevance to requests to produce defendants' resumes, employment files, and "job responsibilities." While those documents might be relevant to a negligence claim, they are not relevant to a claim of deliberate indifference. Similarly, plaintiff's interrogatories seeking information about defendants' background, education, and

1

work history are not relevant here.

Upon consideration and for good cause shown, plaintiff's Motion for Order Compelling Disclosure and Discovery **(Doc. 58)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: July 7, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**