IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NATHAN ANTOINE**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. **06-795-WDS** |
| **WEXFORD MEDICAL SERVICES, et al.,** | ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion for an Order Compelling Discovery. **(Doc. 64)**. Defendants Hulick, Gladson, and Grubman filed a response at **Doc. 68.**

This motion concerns interrogatories that were at issue in plaintiff's previous motion to compel, **Doc. 58.** The court sustained defendants' objections and denied the previous motion. **See, Doc. 62.** It appears that plaintiff mailed the instant motion before he received a copy of **Doc. 62.**

Because this motion raises issues that have already been ruled on, this motion is moot. The court notes plaintiff's argument that "deliberate indifference can be shown through unprofessional actions." **Doc. 64, ¶5**. That statement is incorrect. Negligence or even gross negligence do not constitute deliberate indifference. **See,** *Walker v. Peters*, **233 F.3d 494, 499 (7th Cir. 2000);** *Perkins v. Lawson*, **312 F.3d 872, 875 (7th Cir. 2002) (stating that even gross negligence does not constitute deliberate indifference).** Thus, questions about defendants' educational background, training, licensure, and similar issues are not relevant to a claim for deliberate indifference.

1

For the reasons stated in **Doc. 62**, plaintiff's Motion for an Order Compelling Discovery **(Doc. 64)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  July 23, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**
