IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN ANTOINE, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **06-795-WDS** |
| WEXFORD MEDICAL SERVICES, et al., | ) |
| Defendants. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the court are plaintiff's Motions for Order Compelling Disclosure and Discovery. **(Docs. 59 & 63)**. These motions are directed to defendants Wexford Health Sources, Adrian Feinerman, M.D., Ahmed Tariq, M.D., and Mary Ann Kohring. Defendants filed a response at **Doc. 67**.

Plaintiff served interrogatories and requests for production on defendants on or about May 8, 2008. In their response, defendants admit that they filed objections to these discovery requests about twenty days late, due to counsel's error in calendaring the due date. Defendants ask the court to extend the time for filing objections. Defendants also point out that plaintiff did not make an attempt to resolve the issues before filing his motions.

**Fed.R.Civ.P. 6(b)** permits the court to extend the time for filing objections if the failure to file timely objections was the result of excusable neglect. The court finds that counsel's calendering error constitutes excusable neglect, and therefore extends the time for defendants to respond to plaintiff's discovery requests. Defendants' objections, served on or about July 1, 2008, are deemed timely filed and are not waived.

It is clear that many of plaintiff's discovery requests are objectionable. The court has previously sustained objections of other defendants to similar discovery requests. **See, Doc. 62.** Again, the court points out to plaintiff that this is a claim for deliberate indifference. Therefore, questions about defendants' salaries, personnel files, performance evaluations, claims by other prisoners, administrative regulations, treatment protocols, names of Wexford's corporate officers, amounts spent on outside specialists, and the like, are not relevant.

Plaintiff also takes issue with Feinerman's answer to his questions about the cost of a colonoscopy. Defendant answered that he does not know. Plaintiff insists that he does know. The court cannot order a defendant to give an answer that is satisfactory to plaintiff. If Dr. Feinerman's knowledge of the cost is relevant, and plaintiff has evidence to indicate that Dr. FEinerman does, in fact, know the cost, he can present same at trial.

Upon consideration and for good cause shown, plaintiff's Motions for Order Compelling Disclosure and Discovery **(Docs. 59 & 63)** are **DENIED**.

**IT IS SO ORDERED.**

DATE: July 23, 2008.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**