IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NATHAN ANTOINE**, )
)
      Plaintiff, )
)
v. ) Civil No. **06-795-WDS**
)
**WEXFORD MEDICAL SERVICES, et al.**, )
)
      Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion for Mental or Physical Examination of Person. **(Doc. 81).**

Plaintiff alleges that he suffers from diverticulitis and that defendants are deliberately indifferent to his serious medical needs. He states that his physical condition is in issue, and he asks the court to order that he undergo a physical examination pursuant to **Fed.R.Civ.P. 35**.

Plaintiff's understanding of **Rule 35** is faulty. That Rule contemplates an examination of a party at the request of another party, i.e., an examination of a plaintiff at the request of a defendant. It does not provide a vehicle for what plaintiff is trying to achieve here, which is an examination for *plaintiff's* benefit, at someone else's expense.

The fact that plaintiff is indigent and has been granted leave to proceed in *forma pauperis* does not entitle him to an expert witness free of cost. ***McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987).** The court cannot compel a doctor to examine him and/or to serve as his expert witness for free, and cannot require defendants to fund plaintiff's litigation. ***Id.*; see also, *Marozsan v. U.S.*, 90 F.3d 1284, 1290-1291 (7th Cir. 1996).**

1

Denying this request does not infringe plaintiff's right of access to the courts because "the right of access to the courts does not independently include a waiver of witness fees so that the indigent litigant can present his case fully to the court." *McNeil v. Lowney*, **831 F.2d at 1373.**

Upon consideration and for good cause shown, Plaintiff's Motion for Mental or Physical Examination of Person **(Doc. 81)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 28, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**