IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN ANTOINE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **06-795-WDS** |
| ) | |
| **WEXFORD MEDICAL SERVICES, et al.**, ) | |
| ) | |
| Defendants. ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the court are plaintiff's Motion for Order Compelling Disclosure and Discovery, and Motion for Order of Subpoena Duces Tecum. **(Docs. 86 & 91)**. Defendants Wexford, Feinerman, Ahmed Tariq and Kohring filed a response to the first motion at **Doc. 87.**

Both of these motions relate to plaintiff's desire to obtain copies of documents at no cost to himself. In **Doc. 86**, plaintiff seeks an order compelling these defendants to give him copies of his medical records. In **Doc. 91**, plaintiff asks the court to issue and serve subpoenas on the IDOC and Chester Memorial Hospital, requiring those non-parties to give him copies of his medical records and part of his IDOC master file.

At defendants' request, plaintiff signed authorizations for the release of his medical records from the Illinois Department of Corrections and Chester Community Hospital. Plaintiff added language to the authorizations requiring that "an exact copy" be sent to him also. The IDOC responded that plaintiff would have to pay the copying charges. **See, Exhibits attached to Doc. 86.**

Notwithstanding the language that plaintiff added to the authorization forms, plaintiff

1

cannot condition authorization to release the records upon his receipt of free copies. Plaintiff has placed his medical condition and treatment in issue, and defendants are entitled to review his medical records. Defendants agreed to pay the cost for their copies when they requested same from the IDOC and Chester Memorial Hospital. **See, Exhibits attached to Doc. 87.**

Plaintiff's right to access the courts does not grant him a right to have the defendants or the public pay for the costs of his litigation; "there is no right of subsidized access." ***Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)**; ***Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)**. Likewise, the fact that plaintiff is proceeding in forma pauperis does not mean that he is relieved of the burden of paying his own litigation expenses. ***McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987)**. There is no constitutional "right to xerox." ***Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983)**.

The court cannot shift plaintiff's litigation costs to defendants, their attorneys, third parties, or the public at large. Therefore, the court cannot order defendants or their attorneys to give him free copies of the records. Similarly, the court will not issue subpoenas duces tecum for the production of the records unless the costs are first tendered by plaintiff.

For the foregoing reasons, plaintiff's Motion for Order Compelling Disclosure and Discovery, and Motion for Order of Subpoena Duces Tecum **(Docs. 86 & 91)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE: January 16, 2009.**              **s/ Clifford J. Proud**
                                         **CLIFFORD J. PROUD**
                                         **U.S. MAGISTRATE JUDGE**