IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NATHAN ANTOINE**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **06-795-WDS** |
| | ) | |
| **WEXFORD MEDICAL SERVICES, et al.,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Motion for Summary Judgment with Supporting Brief. **(Doc. 54)**. The motion is filed by defendants Gale Gladson, Pam Grubman, and Donald A. Hulick. Plaintiff has filed a response in opposition at **Doc. 60.**

### Nature of Plaintiff's Claims

Plaintiff Nathan Antoine is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs. The original complaint **(Doc. 1)** was supplemented, with leave of court, at **Doc. 16.**

Plaintiff alleges that he suffers from diverticulitis, which causes him reoccurring severe lower abdominal pain, and the formation of swollen lymph nodes in his groin. At all relevant times, he was incarcerated at Menard Correctional Center. He alleges that his repeated requests for treatment have been ignored, and that he has been given only "superficial and meaningless medical treatment" consisting of stool softeners and laxatives. He further alleges that, after

1

years of repeated complaints, he was seen by an outside doctor in 2006. That doctor recommended that a colonoscopy be performed, but medical director, Dr. Feinerman, refused to authorize the procedure.

The moving defendants are prison officials. Plaintiff alleges that he has informed each of them of his ongoing physical complaints and of the fact that he has not received treatment, but they have ignored his complaints and have not intervened.

## Grounds for Motion

Defendants argue that they are entitled to qualified immunity because plaintiff's constitutional rights were not violated. They argue that they did not violate plaintiff's constitutional rights because plaintiff was under the care of doctors, and they relied on the healthcare providers to treat plaintiff.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," **Anderson**, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," **Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." **Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. **Anderson, 477 U.S. at 248; see also, JPM Inc. v. John Deere Industrial Equipment Company, 94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. **Clifton v. Schafer, 969 F.2d 278, 281 (7th Cir. 1992).** Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. **Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981).**

### Analysis

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." **Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).** A medical condition is serious if failing to treat it could lead to further significant injury or unnecessary and wanton infliction of pain. **Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)**.

3

It is well settled that negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**. See, *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, **618 F.2d 1225 (7th Cir. 1980)**. Likewise, the provision of a course of treatment other than that preferred by the inmate will not create liability. *Estelle*, **97 S. Ct. at 293;** *Burns v. Head Jailor*, **576 F. Supp. 618 (N.D. Ill. 1984).** An inmate has no right to a particular course of treatment of his choosing. *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

In order to prevail on his constitutional claim, plaintiff must satisfy the two-part test enunciated in *Farmer v. Brennan*, **511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has two prongs, that is, an objective and a subjective component. Thus, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. *Lee v. Young*, **533 F.3d 505, 509 (7th Cir. 2008)**. The subjective prong of the *Farmer* test requires that plaintiff show that defendant acted with a sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, **439 F.3d 392, 397 (7th Cir. 2006).** Negligence or medical malpractice does not meet this standard. *Id.*, **at 396**; *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, **618 F.2d 1225 (7th Cir. 1980)**.

Prison officials who are not healthcare providers do not violate the Constitution when they investigate an inmate's complaints, verify that he is under a doctor's care, and refer him to medical providers. *Greeno v. Daley*, **414 F.3d 645, 655-656 (7th Cir. 2005)**. Prison officials who "reasonably rely" on the judgment of the healthcare providers as to treatment decisions are

entitled to summary judgment on an Eighth Amendment claim. *Johnson v. Doughty*, **433 F.3d 1001, 1011-1012 (7th Cir. 2006), and cases cited therein.**

Defendants argue that the exhibits attached to plaintiff's complaint establish that they "investigated his claims and determined that he was being treated by licensed physicians who prescribed a specific course of continuing treatment." **Doc. 54, p. 5**. As support for this contention, they cite generally to "Exhibit letters attached to Plaintiff's Complaint." Defendants did not submit affidavits or other exhibits in support of their motion.

The letters attached to the complaint establish that all three moving defendants responded to plaintiff's complaints by reviewing the medical file and confirming that he was under the care of medical professionals. Three such letters from defendant Grubman are attached to **Doc. 1**. Two letters from defendant Gladson and one letter from defendant Hulick are attached to **Doc. 16.** These letters establish that defendants did not ignore plaintiff's complaints. Rather, each defendant investigated the situation and learned that plaintiff was being seen by healthcare professionals. As defendant Gladson put it in her letter of August 4, 2006, "Your medical treatment will be determined by the physicians at this facility based on current physical examination and reported symptoms."

These defendants are entitled to summary judgment because the record establishes that they did not act with the requisite subjective state of mind. The law is clear that they are entitled to rely on the healthcare professionals to make treatment decisions. *Johnson v. Doughty, supra.* Plaintiff was under the care of healthcare professionals. The Constitution does not require these nonmedical defendants to intervene in or countermand the treatment decisions that are made by healthcare providers. *Hayes v. Snyder*, **546 F.3d 516, 526-527 (7th Cir. 2008).**

**Recommendation**

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 54)** be **GRANTED,** and that summary judgment be granted in favor of defendants Gale Gladson, Pam Grubman, and Donald A. Hulick. If this recommendation is adopted its entirety, the claims for deliberate indifference against defendants Wexford Medical Services, Adrian Feinerman, Tariq Ahmed, Mary Ann Kohring and Willard Elyea will remain pending.

**Objections to this Report and Recommendation must be filed on or before February 6, 2009.**

**Submitted: January 20, 2009.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**